```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
RAMON APONTE,

                Movant,

        - against -

UNITED STATES OF AMERICA,

                Respondent.
--------------------------------X
```

**O R D E R**

16 Civ. 3511 (NRB)
02 Cr. 1082-4(NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

**WHEREAS** movant Ramon Aponte ("Aponte") pled guilty in 2003 to two counts of using or brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and one count of using a communication facility in furtherance of a drug felony in violation of 21 U.S.C. § 843(b); and

**WHEREAS** on January 9, 2004, Aponte was sentenced principally to 432 months' imprisonment; and

**WHEREAS** on May 10, 2016, Aponte, acting pro se, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, on the grounds that after Johnson v. United States, 135 S. Ct. 2551 (2015), neither of the robberies underlying his two § 924(c)(1)(A) convictions qualify as a "crime of violence" as defined in 18 U.S.C. § 924(c)(3); and

**WHEREAS** on June 8, 2016 this Court issued a standing order, In re: Petitions under 28 U.S.C. §§ 2255 and 2241 in Light of

1

*Johnson v. United States*, 16-MC-217 (CM) (S.D.N.Y. June 8, 2016), permitting counsel appointed for Johnson matters to file initial "placeholder" petitions to be supplemented on a future date; and

**WHEREAS** the aforementioned standing order suggested that individual judges defer any consideration of such petitions until the filing of supplemental briefs or until a briefing schedule is requested by a party or parties; and

**WHEREAS** on June 15, 2016 Federal Defenders of New York appeared on behalf of Aponte in connection with his petition under 28 U.S.C. § 2255 based on Johnson v. United States; and

**WHEREAS** on June 21, 2016 this Court entered an order stating, inter alia, that it deemed Aponte's May 10, 2016 motion to be an initial petition under the standing order; and

**WHEREAS** the Court's June 21, 2016 order directed the parties to submit a proposed briefing schedule that was to include any anticipated supplemental brief filed by Federal Defenders on Aponte's behalf; and

**WHEREAS** on August 16, 2016, Aponte, acting pro se, filed a supplemental brief in support of his § 2255 petition; and

**WHEREAS** on August 16, 2016, Aponte also filed a pro se motion for bail pending the resolution of his § 2255 petition; and

**WHEREAS** this Court's August 22, 2016 order denying Aponte's motion for bail stated, inter alia, that it appeared that the

claims underlying Aponte's § 2255 petition may have been precluded by then-recent binding authority; and

**WHEREAS** as of today's date, the parties have neither submitted the proposed briefing schedule requested in the Court's June 21, 2016 order nor made any other substantive filings in this matter; it is hereby

**ORDERED** that each party file within three weeks a letter of not more than three pages identifying either (1) controlling authority that the party believes is now dispositive of the precise legal issue(s) raised by Aponte's petition;[1] or (2) pending cases, if any, that might be resolved in a manner that would yield such authority.

**SO ORDERED.**

Dated:   New York, New York
         July 27, 2020

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[1] In the Court's assessment, the primary issue appears to be whether New York first degree robbery, N.Y. Penal Law § 160.15, constitutes a "crime of violence" under 18 U.S.C. § 924(c).

A copy of the foregoing has been mailed to:

    Ramon Aponte, 52538-054
    USP Coleman I
    U.S. PENITENTIARY
    P.O. BOX 1033
    COLEMAN, FL  33521