UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

Ramon Aponte,

Defendant.

02-CR-1082 (NRB)

**MEMORANDUM AND ORDER**

---

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On September 26, 2003, defendant Ramon Aponte pleaded guilty to a three-count superseding information that charged him with two counts for violating 18 U.S.C. § 924(c), for "knowingly use[ing] and carry[ing] a firearm . . . during and in relation to a crime of violence," and one count of violating 21 U.S.C. § 843(b), for using a cellular telephone in furtherance of a conspiracy.[1] See ECF No. 67; see also ECF No. 324 at 2-3. On January 16, 2004, this Court sentenced the defendant to a total term of imprisonment

---

[1] Aponte has made previous attempts to challenge his convictions on the first two counts of the superseding information. In fact, Aponte has a pending appeal of this Court's May 23, 2023 Memorandum and Order denying his petition under 28 U.S.C. § 2255 to vacate his 2003 convictions for violating 18 U.S.C. § 924(c). See ECF No. 324-25. In that decision, the Court stated that "after a careful examination of the [superseding] Information, Aponte's plea agreement, and his plea colloquy, the Court holds that Aponte pled guilty to completed Hobbs Act robberies, which are crimes of violence." ECF No. 324 at 22. Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal," Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). However, pursuant to Rule 37 of the Federal Rules of Criminal Procedure, in these circumstances, a district court may deny this motion. Fed. R. Crim. P. 37(a).

of 432 months. See ECF No. 110. Specifically, the defendant was sentenced to: (1) the mandatory minimum sentence of incarceration of seven years on the first count, violating 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2; (2) the mandatory minimum sentence of incarceration of twenty-five years on the second count, violating 18 U.S.C. §§ 924(c)(1)(A)(ii), 924(c)(1)(C)(i), and 2; and (3) the maximum sentence of incarceration of four years on the third count, violating 21 U.S.C. § 843(b). Id.

On April 26, 2024, the Court received defendant's motion for a sentence modification pursuant to 18 U.S.C. § 3582(c)(2), primarily relying on Amendment 821 to the Sentencing Guidelines. See ECF No. 328. Amendment 821, which went into effect on November 1, 2023 and applies retroactively, provides for a potential recalibration of a defendant's sentencing guidelines if he had zero criminal history points or if he committed the instant offense while under a criminal justice sentence. Importantly, a defendant with zero criminal history points must not have possessed "a firearm or other dangerous weapon . . . in connection with the offense." U.S. Sent'g Guidelines Manual § 4C1.1(a)(7). On May 20, 2024, the United States Probation Office filed a Supplemental Presentence Report indicating that the defendant's is not eligible for a sentence reduction pursuant to Amendment 821. ECF No. 329.

Having considered the record in this case, the Court finds that the defendant is ineligible for a sentence reduction pursuant

to Amendment 821. The defendant had one criminal history point based on a prior criminal conviction and possessed a firearm in connection with the commission of the offenses. See id.

Accordingly, this motion is denied. The Clerk of Court is respectfully instructed to terminate the motion pending at ECF No. 328 and mail a copy of this decision to Aponte (Reg. No. 52538-054) at FCC Coleman Low in Coleman, Florida.

**SO ORDERED.**

Dated:   May 28, 2024
         New York, New York

                                        NAOMI REICE BUCHWALD
                                        UNITED STATES DISTRICT JUDGE